### LOWMAN, ADMINISTRATOR V. SEWALL, ET AL.

CONVEYANCE BY INTESTATE SET ASIDE BY COMMON PLEAS—PROBATE MAY ORDER SALE OF PROPERTY.

    Where conveyances made by an administrator's intestate have been declared fraudulent by a court of competent jurisdiction, without further proceedings, such administrator may apply to the probate court to have the property sold to pay the debts of his intestate.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

We are of the opinion that the court of common pleas erred in holding that the probate court had no jurisdiction of the action brought in that court by the plaintiff in error as administrator of Sewall's estate to sell real estate claimed to belong to him at the time of his death, to pay the debts of his estate, and in dismissing such action when brought into the court of common pleas by appeal.

As we understand the facts, an action was brought by a creditor of Sewall in his lifetime to set aside certain conveyances of real estate made by Sewall to his wife, and perhaps to others, as being fraudulent as against him and other creditors of Sewall. Proper parties were made, and by the judgement and decree of the court of common pleas said deeds were held to be fraudulent as to the creditors of Sewall, and they were set aside. Prior to the hearing and decree Sewall died, and Long, who had been appointed administrator of his estate, became a party to the action, and filed an answer and cross-petition admitting and alleging the fraudulent character of the deeds, and asking that they be set aside and the property be sold for the payment of the debts of Sewall.

The action was thereupon appealed to the district court, and in that court, on February 23, 1881, a judgment or decree was entered finding that the allegations of the petition as amended and of the cross-petition of Long, administrator, were true, and that they were entitled to the relief therein prayed. The court then found that there was due to the plaintiff from John W. Sewall on the judgment set forth in the petition the sum of $6,108.65, with interest from January 3, 1881, and that the real estate described in his petition and supplemental petitition was at the time of the commencement of this suit and of the death of said Sewall the property of said John W. Sewall, and the legal title thereto was held subject to the rights of his creditors to subject the same to the payment of his debts. It was thereupon further ordered that so much of said real estate as may be necessary to pay the debts of plaintiff, and all the right, title and interest of all the parties to this action in said real estate be sold by Longley, a master commissioner, and that the proceeds be applied to pay taxes, costs and the claim of plaintiff. And the cause was then referred to the same master commissioner, to report the amount of the debts of said Sewall, deceased, other than that of the plaintiff, and further order for the sale of the residue of said real estate for the payment of said debts was deferred until the coming in of said report.

By the judgment thus entered, the deeds in question were not specifically and in terms stated to be fraudulent and void as to creditors, but we think such was the force and effect of it, and it was found that the plaintiff and Long were entitled to the relief prayed for, and that Sewall at the time of his death was the owner of the real estate, and that it was subject to the payment of his debts.

Some steps were taken in the district court to carry out this decree; but in 1887, the circuit court, the successor of the district court, being of the opinion that the further proceedings to sell the lands covered by the conveyances in question, so set aside, should be stayed, held, on a motion filed by the heirs of Sewall, that it had not jurisdiction to proceed to sell the land, but that this should be done in the probate court, and that further proceedings for the sale of this land in the circuit court should be discontinued—and such an entry was made.

Whether this order of the court was a proper one under the circumstances of the case, is perhaps not now involved. It was acquiesced in by the parties, and the case was no longer pending in the circuit court. But there was the judgment of the court that the deeds sought to be set aside in that case were invalid, and that Sewall died seized of the lands, and that they were subject to the payment of his debts.

Thereupon the administrator of Sewell filed his petition in the probate court, making all of the heirs of Sewall, and persons claiming liens in said lands, parties defendant, setting out the necessary facts that Sewall died seized of the lands described in his petition, (describing only a part of them), and that it was necessary to sell the same to pay his debts. The heirs of Sewall, defendants, claiming that Sewall at his death was not the owner, this was adjudged against them, on the theory doubtless that the deeds had been set aside by the district court, and under the order of the probate court the lands described in the petition were sold, and the proceeds appropriated towards the payment of the debts of Sewall, but they were not sufficient to pay the whole thereof. By an amendment to the petition the administrator sought the sale of other of the lands described in the original suit against Sewell to set aside the conveyances. The same defense was made as to this, and the property ordered to be sold. From the last decree on appeal was taken to the common pleas court by the defendants.

It may be stated that in the proceedings on the amended or supplemental petition in the probate court the administrator, by way of reply to the answer of defendants that Sewall at his death was not the owner of the lands described in the supplemental petition, pleaded that in the same action in the probate court on the original petition, this had been adjudicated in substance against the defendants, and that they were thereby estopped to try the issue again.

On the hearing of the case the court of common pleas, on the evidence contained in the bill of exceptions, allowed by the court, it was then held that the probate court had no jurisdiction in this case, as it was (as we understand this decision) an action by the administrator in that court to set aside the conveyance and sell the land, and that under sec. 6139 and 6140, Rev. Stat., such an action can only be brought in the court of common pleas.

In this holding we think the court erred. As we have held, the deeds had before been set aside by a court of competent jurisdiction, and that court did not proceed to have the property sold. It simply held it

to be the property of Sewell, and liable for his debts. Such being the case, we see no reason why the administrator in a proceeding in the probate court, might not legally and properly have it sold to pay the debts of his intestate. The evidence warranted the court in finding that it should be so sold, and the dismissal of the action was wrong, and for the error of the court in refusing to grant a new trial, the judgment will be reversed.